IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                         PLAINTIFF

v.                                         Civil No. 4:13-cv-04032

GREGORY HARPER                                                                                       DEFENDANT
*Individually and in his official capacity as a*
*Hope, Arkansas Police Officer when he was employed*
*by HAPD*

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is the Defendant Gregory Harper's Motion for Summary Judgment.  ECF No. 41.  This Motion was filed on January 28, 2015.  *Id.*  On February 20, 2015, Plaintiff responded.  ECF No. 47.  Defendant has replied.  ECF No. 50.  This Motion was referred to the undersigned for a report and recommendation, and this Motion is now ripe for consideration.

**I.     Background:**

On March 26, 2013, Plaintiff filed his *pro se* Complaint in this action.  ECF No. 1.  In this Complaint, Plaintiff claims that at approximately 4:16 a.m. on April 14, 2010, he was riding his bicycle east on Division Street near the intersection of Shover and Division Streets in Hope, Arkansas.  ECF No. 1 ¶ 2.  Plaintiff claims Defendant "drove up slowly alongside me and had me to stop."  *Id.*  Plaintiff claims Defendant "got out of his car and started asking me questions."  *Id.*  Plaintiff claims Defendant then asked for his identification, and got into his patrol car and did "an identification and a warrants check" on Plaintiff.[1]  *Id.*  Defendant then returned to Plaintiff and gave

---

[1] Plaintiff also claims another police officer came by and spoke to him while Defendant was doing "an identification and warrants check" on him.  ECF No. 1 ¶ 3.  Plaintiff, however, has not sued this unknown police officer or claimed any wrongdoing on his part.  Thus, the Court will not address this

Plaintiff back his driver's license. *Id.* ¶ 4.

According to Plaintiff, after this exchange, both he and Defendant left the scene. ECF No. 48 at 1. It is unclear how long this exchange lasted, but Plaintiff alleges the Hope Police Department's activity log referenced this exchange occurred at 4:21 AM. ECF No. 1 ¶ 6. Thus, this encounter may have lasted for five minutes, from approximately 4:16 AM until 4:21 AM, but neither Plaintiff nor Defendant has specifically addressed this issue.

In his Complaint, Plaintiff raises three different causes of action against Defendant: (1) unreasonable search and seizure under the Fourth Amendment; (2) invasion of privacy; and (3) "investigating nonexistent crimes." ECF No. 1, Pages 4-6. Plaintiff has requested compensatory and punitive damages "in excess of $100,000" as a result of these violations. *Id.* Plaintiff is suing Defendant in both his individual and official capacities. *Id.*

On January 28, 2015[2], Defendant filed a Motion for Summary Judgment requesting Plaintiff's entire case be dismissed. ECF No. 41. Plaintiff timely filed a response on February 20, 2015.[3] ECF No. 47. In this response, Plaintiff claims summary judgment should not be granted because this was an unlawful "investigatory stop directly about me." *Id.* Plaintiff claims Defendant's actions "took away my freedom of movement, and that constituted an unreasonable

---

issue further.

[2] This Motion was filed nearly two years after Plaintiff's Complaint. Because Plaintiff delayed in providing an address to serve Defendant, Defendant was not served until January 21, 2014, approximately ten months after this case was filed. ECF No. 25. Defendant did not file an answer until February 7, 2014. ECF No. 26. It also appears very little discovery has been possible, primarily because Plaintiff has not been compliant with Defendant's requests. ECF Nos. 45-46. Indeed, on February 5, 2015, the Court held a hearing addressing Plaintiff's discovery obligations and admonishing Plaintiff to comply with those obligations. ECF No. 45.

[3] The Court gave Plaintiff additional time to file a response. ECF No. 46.

seizure." *Id.* Trial in this matter is currently set for October 19, 2015, and this matter is now ripe for consideration.

**2.     Applicable Law:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the nonmovant's position is insufficient. *Anderson,* 477 U.S. at 252.

To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

**3.     Discussion:**

Defendant claims summary judgment is appropriate for the following reasons: (1) Plaintiff was never seized; (2) even there was a seizure, the seizure was constitutional; and (3) Defendant is entitled to qualified immunity. ECF No. 42 at 4-13. Defendant also argues Plaintiff's unreasonable search claim, invasion of privacy claim, and "investigating nonexistent crimes" claim all fail. *Id.* The Court will first address Plaintiff's Fourth Amendment seizure claim and then will address the remainder of Plaintiff's claims.

**A.     Fourth Amendment Seizure Claim**

Plaintiff claims Defendant violated the Fourth Amendment when Defendant stopped him, talked to him, and did a "warrants check" and "identification check" on him on April 14, 2010. ECF No. 1. Because this is the summary judgment stage, the Court will view all facts in a light most favorable to Plaintiff. *See, e.g., White v. Smith,* 696 F.3d 740, 753 (8th Cir. 2012).

In evaluating this Fourth Amendment seizure claim, the Court must consider two questions. First, the Court must consider whether this stop qualifies as a "seizure." *See United States v. Griffith,* 533 F.3d 979, 982-83 (8th Cir. 2008) (recognizing "[n]ot all encounters between law enforcement officials and citizens implicate the protections of the Fourth Amendment"). If the stop is considered a "seizure," the Court will then consider whether the seizure was constitutional under the Fourth Amendment. *See, e.g., Terry v. Ohio,* 392 U.S. 1 (1968).

For the first question, it is important to first recognize that not all stops by a police officer are seizures for Fourth Amendment purposes. For instance, it is well-established that consensual stops are not considered seizures under the Fourth Amendment. *See United States v. Mendenhall,* 446 U.S. 544, 554 (1980). Even if the conversation between an individual and a police officer is

uncomfortable or even unwanted, "[a]s long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." *Id.*

To determine whether a stop qualifies as a "seizure," the Court uses an objective test. The standard is the "reasonable person" standard: "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Brendlin v. California,* 551 U.S. 249, 255 (2007) (*quoting United States v. Mendenhall,* 446 U.S. 544 (1980)). The Supreme Court in *Mendenhall* also provided examples of a "seizure": threatening presence of several officers, the display of a weapon by an officer, some physical touching, and the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *See Mendenhall,* 446 U.S. at 554-55. The Supreme Court also stated that "[i]n the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person." *Id.*

In the present action, Plaintiff has provided no evidence demonstrating this encounter qualifies as a seizure under the Fourth Amendment. Instead of claiming he was coerced, Plaintiff claims he answered Defendant's questions "out of moral decency" and "respect for the law." ECF No. 47 at 2. Plaintiff does not claim he was at all forced or required to answer these questions. *See id.;* ECF No. 1.

The only coercion Plaintiff references is the fact Defendant was a police officer and he felt obligated to answer Defendant's questions. ECF No. 47 at 2. As Plaintiff states, "[o]ne . . . of the most preposterous notions ever put forth by the police in the annals of law is that some encounters involving investigative stops are 'consensual.'" ECF No. 47 at 2. Plaintiff goes on to state that

"[n]o sane person in this world would 'consent' to being stopped by the police to be investigated." *Id.* Plaintiff is, however, legally incorrect in his claim. The sole fact he was speaking to a police officer does not demonstrate he was coerced. Notably, the Supreme Court has directly addressed this issue and has found "it [is not] enough to establish a seizure that the person asking the questions was a law enforcement official." *Mendenhall*, 446 U.S. at 555.

Further, the mere fact Defendant conducted a "warrants check" and an "identification check" after obtaining Plaintiff's identification does not demonstrate this was a seizure under the Fourth Amendment. This issue has been directly addressed by the United States Court of Appeals for the Eighth Circuit. *See United States v. Lopez-Mendoza,* 601 F.3d 861, 865 (8th Cir. 2010). Under nearly identical facts as these, the Eighth Circuit found no seizure occurred where an officer requested the defendant's driver's license and insurance card and retained them for a brief examination. *See id.* As the Eighth Circuit stated, "an officer does not seize a person by asking for license and registration if he does not 'convey a message that compliance with [his] request is required.'" *Id.* Here, Plaintiff has simply not demonstrated that Defendant coerced or otherwise required him to provide his license. *See* ECF Nos. 1, 47.

Accordingly, the Court finds Plaintiff has not met his burden of demonstrating a "genuine dispute as to any material fact" on his claim that he was seized. Thus, Defendant's Motion for Summary Judgment should be **GRANTED** as to Plaintiff's unconstitutional seizure claim.[4]

### B. Plaintiff's Other Claims

Plaintiff also claims an unconstitutional search, a violation of privacy, and a violation by "investigating nonexistent crimes." ECF No. 1. First, Plaintiff claims Defendant's running a

---

[4] Because the Court finds no seizure occurred under the Fourth Amendment, there is no need to address whether Defendant is entitled to qualified immunity as a police officer.

"warrants check" on him was an unconstitutional search. ECF No. 1 at 5. The protections of the Fourth Amendment are triggered only when the individual seeking refuge thereunder "has a legitimate expectation of privacy in the invaded place" or item seized. *See Rakas v. Illinois,* 439 U.S. 128, 143 (1978). Whether an individual has a reasonable expectation of privacy in the place to be searched depends on whether he has the ability to control or exclude the use of the place by others. *See, e.g., United States v. Esquivias,* 416 F.3d 696, 702 (8th Cir. 2005).

Here, Plaintiff has not demonstrated he has an expectation of privacy in the warrant records of Hempstead County. In fact, these records are considered "public" records. *See* ARK. CODE ANN. § 25-19-103(6)(A) (defining "[p]ublic records" as "[a]ll records maintained in public officers or by public employees within the scope of their employment"). As such, Plaintiff has no expectation of privacy in them. Thus, because Plaintiff has not met his burden of demonstrating a "genuine dispute as to any material fact" on his claim that an unreasonable search occurred, Defendant's Motion for Summary Judgment should be **GRANTED** as to his unconstitutional search claim.

Second, Plaintiff claims Defendant is liable for invasion of his privacy. Upon review, invasion of privacy is a state-law tort claim. *See Dodrill v. Ark. Democrat Co.,* 265 Ark. 628, 638 (1979). "Invasion of privacy" requires a demonstration of the following: "(1) false light in which he was placed by the publicity would be highly offensive to a reasonable person, and (2) that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Id.* Here, Plaintiff has provided no evidence of any "publicity" or even made this claim. Thus, because Plaintiff has not met his burden of demonstrating a "genuine dispute as to any material fact" on his claim that his privacy was violated, Defendant's Motion for Summary Judgment should be **GRANTED** as to his invasion of

privacy claim.

Third and finally, Plaintiff claims Defendant is liable for "investigating nonexistent crimes." ECF No. 1 at 5-6. Defendant argues there is no cause of action for "investigating nonexistent crimes." ECF No. 42 at 11. Upon careful review, the Court agrees and finds no cause of action for "investigating nonexistent crimes." Thus, because Plaintiff has not met his burden of demonstrating a "genuine dispute as to any material fact" on this claim and has not even demonstrated this cause of action exists, Defendant's Motion for Summary Judgment should be **GRANTED** as to this claim.

**4.     Conclusion:**

For the foregoing reasons, the Court recommends Defendant's Motion for Summary Judgment (ECF No. 41) be **GRANTED** in its entirety and all Plaintiff's causes of action against Defendant be dismissed. This includes the claims against Defendant both in his individual capacity and in his official capacity.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 5th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE