IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                           PLAINTIFF

VS.                                            CASE NO. 13-CV-4032

GREGORY HARPER, individually and in his
official capacity as a Hope, Arkansas police officer                                  DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed March 5, 2015, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 51. Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 41) be granted in its entirety and that all Plaintiff's causes of actions be dismissed. Plaintiff has responded with timely objections and a supplement. ECF Nos. 52 and 54. The Court finds the matter ripe for consideration.

Plaintiff claims that Defendant, a police officer, violated the Fourth Amendment when Defendant asked Plaintiff to stop riding his bicycle, talked to him, and asked for his identification.[1] The Magistrate Judge found that Defendant did not violate the Fourth Amendment because the stop was consensual and did not qualify as a "seizure." Plaintiff disagrees that the encounter was consensual.

"Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and

---

[1] In his *pro se* complaint, Plaintiff also claims an unconstitutional search, a violation of privacy, and a violation by "investigating nonexistent crimes." ECF No. 1. The Magistrate Judge recommended that summary judgment be granted as to these three claims. Plaintiff's objections do not address these three claims.

putting questions to them if they are willing to listen." *U.S. v. Drayton*, 536 U.S. 194, 200 (2002). Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions and ask for identification—provided they do not induce cooperation by coercive means. *Id*. at 201. "If a reasonable person would feel free to terminate the encounter, then he or she has not been seized." *Id*. The Court considers the totality of the circumstances—not one particular detail—to determine whether a seizure occurred. *U.S. v. Flores-Sandoval*, 474 F.3d 1142, 1145 (8th Cir. 2007).

Here, Defendant was alone when he approached Plaintiff. There was no show of authority, no intimidation, and no use of physical force by Defendant in his encounter with Plaintiff. Defendant simply engaged Plaintiff in conversation and asked for identification. Plaintiff willingly answered Defendant's questions and provided identifying information. After Defendant performed a brief identification and local warrants check, Defendant returned Plaintiff's driver's license and thanked Plaintiff for his help.

Plaintiff argues that a reasonable person would not have felt free to terminate the encounter because Defendant was in possession of Plaintiff's license. The Eighth Circuit, however, has held that when someone "voluntarily hands identification to an officer, the officer may reasonably consider that voluntary act as consent to a brief retention of the document for purposes of a 'routine, thirty-second computerized records check, using equipment readily at hand.'" *U.S. v. Carpenter,* 462 F.3d 981, 985 (8th Cir. 2006) (quoting *U.S. v. Slater*, 411 F.3d 1003, 1006 (8th Cir. 2005)) (concluding that an officer's request for license and registration, and his brief retention of those documents, did not constitute a seizure). Thus, in the present case, Defendant reasonably could interpret Plaintiff's act of providing the license as consent to retain it for brief examination or check; therefore, Defendant's carrying of the license to his vehicle did not effect a seizure. *See U.S. v.*

*Lopez-Mendoza*, 601 F.3d 861, 865 (8th Cir. 2010); *Carpenter*, 462 F.3d at 985-86.  Accordingly, the Court agrees with the Magistrate Judge's determination that Defendant was not seized.

For the reasons stated above, based on its own de novo review, the Court overrules Defendant's objections and adopts the Report and Recommendation *in toto*.  ECF No. 51. Defendant's Motion for Summary Judgment is **GRANTED** in its entirety and all Plaintiff's causes of action against Defendant in his individual and official capacity are **DISMISSED**.

**IT IS SO ORDERED**, this 14th day of September, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge